941 F.2d 1208
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Robert RANKINS, Defendant-Appellant.
 No. 90-5370.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 1, 1991.
Decided Aug. 22, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Karen L. Henderson, District Judge. (CR-90-121)
 John A. O'Leary, O'Leary Associates, Inc., Columbia, S.C., for appellant.
 E. Bart Daniel, United States Attorney, Gregory P. Harris, Assistant United States Attorney, Columbia, S.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before WIDENER, PHILLIPS and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 John Robert Rankins appeals from an order of the district court denying his motion to suppress evidence obtained pursuant to a search of the trunk of his car. We affirm.
 
 
 2
 On March 20, 1990, agents of the Federal Bureau of Investigation ("FBI") obtained information from their offices in Cleveland and Miami that a narcotics transaction was to take place the following morning in Columbia, South Carolina. Based on recorded telephone conversations, the FBI agents concluded that Rankins and another defendant were to meet another party at the Knight's Inn in Columbia the following morning to effect a cocaine sale.
 
 
 3
 A license plate check on cars parked in the parking lot at the Knight's Inn revealed that a white Cadillac located there had been leased by Rankins in Miami. Later that morning, FBI agents followed the white Cadillac as they observed it leaving the motel parking lot. The Cadillac proceeded down Interstate 26 for a short time and then pulled onto the highway shoulder. The FBI agents turned on their blue light and pulled up behind the Cadillac. Two agents, one armed with a shotgun and the other with his revolver, identified themselves as FBI agents and told Rankins to put his hands on the car. The agents retrieved a fold-up revolver from Rankins' pocket[1] and informed him that they had reason to believe that he was involved in a drug transaction in Columbia. Rankins denied any knowledge of the drug deal, but volunteered that there was another gun in the trunk of his car. When asked for permission to search the trunk, Rankins responded, "yeah, go ahead." The agents searched the trunk and found a nine millimeter gun and a duffel bag. The agents opened the duffel bag and found what was later determined to be nine kilograms of cocaine.
 
 
 4
 Rankins was charged with one count of conspiracy to possess cocaine with intent to distribute, one count of possessing cocaine with intent to distribute, and one count of carrying and using a firearm while possessing cocaine with intent to distribute. The district court denied Rankins' motion to suppress evidence and certain statements made after his arrest.[2] Rankins appeals.
 
 
 5
 The district court properly concluded that the search was valid under at least two doctrines. In addition, recent Supreme Court decisions provide further support for the district court's conclusions.
 
 I.
 
 6
 The police may search an automobile and any containers found within it where they have probable cause to believe contraband or evidence is contained. United States v. Ross, 456 U.S. 798, 825 (1982) ("If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search."). Based on information received by the FBI agents the day before the arrest, together with their observations which corroborated many of the details of the transaction, the agents had sufficient probable cause to believe that Rankins was carrying narcotics in the Cadillac. In addition, the Supreme Court has recently eliminated any remaining "container" distinction in automobile search cases in California v. Acevedo, 59 U.S.L.W. 4559 (U.S.1991), which held that there is no longer any reason to "distinguish between a container for which the police are specifically searching and a container which they come across in a car." Id. at 4562. Therefore, as the district court correctly found, the FBI agents "had the right not only to stop and arrest [Rankins] but also to search the car, including the trunk and its luggage, for narcotics."
 
 II.
 
 7
 Rankins voluntarily consented to a search of the trunk. In his testimony at the hearing on the suppression motion, Rankins testified that, when asked for permission to search the trunk, he responded, "yeah, go ahead." He also did not deny that he was told by the agents that he had the right to refuse permission. Nevertheless, Rankins argues that his consent was coerced because, at the time he made the statement, "he was spread over the trunk of the car and two weapons were being pointed to him."[3] In the alternative, Rankins argues that his consent was limited to a search for the gun in the trunk and that, therefore, the agents exceeded the scope of his consent.
 
 
 8
 Under Schneckloth v. Bustamonte, 412 U.S. 218 (1973), the government has the burden of proving that consent was freely and voluntarily given. Voluntariness is to be determined by the totality of the surrounding circumstances. Id. The district court found that, "although understandably nervous and frightened at being arrested," Rankins' consent was voluntary, "particularly in light of the fact that Rankins was informed that he did not have to consent." The district court's finding of voluntariness should be upheld unless clearly erroneous. United States v. Gordon, 895 F.2d 932 (4th Cir.), cert. denied, 59 U.S.L.W. 3247 (U.S.1990).
 
 
 9
 Rankins testified that he is 29 years old and a high school graduate. He also denied being under the influence of any alcohol or narcotics at the time he gave consent. These are factors which the district court may consider in determining whether consent is voluntary. United States v. Mendenhall, 446 U.S. 544 (1980) (age, maturity, and intelligence of the defendant are factors to be considered in considering whether there is a voluntary consent to search). Based on the testimony at the suppression hearing, we find that the district court's finding that Rankins' consent was voluntary is not clearly erroneous.
 
 
 10
 Rankins' alternative argument, that the agents exceeded the scope of his consent, has just been squarely addressed by the Supreme Court. In Florida v. Jimeno, 59 U.S.L.W. 4471 (U.S.1991), the police pulled over respondent's car, believing that he might be involved in illegal drug trafficking. The officer informed the respondent that he was suspected of carrying narcotics in his car and asked permission to search the car. The respondent consented. A search of the interior of the car revealed a folded, brown paper bag which the officer picked up and opened. The bag contained a kilogram of cocaine. Rejecting the respondent's argument that the search exceeded the scope of his consent, the Supreme Court stated:
 
 
 11
 Respondent granted [the officer] permission to search his car, and did not place any explicit limitation on the scope of the search. [The officer] had informed respondent that he believed respondent was carrying narcotics, and that he would be looking for narcotics in the car. We think that it was objectively reasonable for the police to conclude that the general consent to search respondent's car included consent to search containers within that car which might bear drugs. A reasonable person may be expected to know that narcotics are generally carried in some form of a container.
 
 
 12
 Id. at 4472. Rankins testified that he knew the agents suspected him of being involved in a drug transaction and that he consented to a search of the trunk. Therefore, anything found within the trunk would be within the scope of that consent. In any event, Rankins' consent was unnecessary because the search was constitutional under United States v. Ross, supra.
 
 
 13
 Therefore, we affirm the district court's order denying Rankins' motion to suppress the cocaine and affirm the judgment of conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 Rankins testified that he told the agents that there was a gun in his front pocket when they first arrived
 
 
 [2]
 The only issue on appeal is the denial of the motion to suppress the evidence. (See Brief of Appellant, p. 7)
 
 
 [3]
 Actually, Rankins testified that his hands were in the air at the time the agents requested permission to search the trunk